IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 1 0 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ISAAC RODRIGUEZ,<br>TDCJ-CID #1056110,<br><br>Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-04-3845 |

## MEMORANDUM AND ORDER

Petitioner Isaac Rodriguez seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for aggravated sexual assault of a child. Respondent filed a motion for summary judgment to dismiss the petition as time-barred. (Docket Entry No. 13.) Petitioner filed a response opposing summary judgment. (Docket Entry No. 16.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court grants respondent's motion for summary judgment and dismisses this case as time-barred.

### I.  PROCEDURAL HISTORY

Petitioner was found guilty of the felony offense of aggravated sexual assault of a child, and on August 17, 2001, was sentenced to twenty-four years incarceration. The state court on direct appeal affirmed the conviction on August 29, 2002. *Rodriguez v. State*, No. 14-01-0965-CR. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on January 22, 2003. Petitioner filed his first application for state

habeas corpus relief on December 16, 2003, which was denied by the Texas Court of Criminal Appeals on April 14, 2004. *Ex parte Rodriguez*, Application No. 58,431-01, at cover. On May 3, 2004, petitioner filed a second state habeas corpus application, which was dismissed by the Texas Court of Criminal Appeals "for noncompliance with appellate rules" on August 31, 2004. *Ex parte Rodriguez*, Application No. 58,431-02, at cover. Petitioner filed this pending federal habeas corpus petition on September 29, 2004.

The threshold question is whether this petition was filed too late to permit the Court to consider the merits of petitioner's arguments. An analysis of the record and applicable law shows that petitioner filed his petition after expiration of the AEDPA one-year statute of limitation.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a one-year statute of limitation for federal habeas corpus petitions. The statute provides in relevant part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## A.  The One-Year Limitation Period

The one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*., § 2244(d)(1)(A).  Petitioner's conviction became final when the time for filing a petition for writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review.  Supreme Court Rule 13.1.  Petitioner's petition for discretionary review was refused on January 22, 2003.  Petitioner's deadline for filing a petition for writ of *certiorari* was thus on or about April 22, 2003.  The AEDPA limitation period expired one year later, on April 22, 2004.  Petitioner did not file this federal petition until September 29, 2004, approximately five months beyond the one-year limitation.  Accordingly, in absence of statutory or equitable tolling, this petition is untimely.

## B.  Statutory Tolling Provisions

A properly filed application for post-conviction state habeas relief tolls the AEDPA one-year limitation period.  28 U.S.C. § 2244(D)(2).  Petitioner's first application for state

3

habeas relief was filed on December 16, 2003 and denied on April 14, 2004, and was thus pending for approximately 120 days, or four months. His second state habeas application was dismissed for procedural reasons, and did not toll limitations. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

Accordingly, petitioner's federal habeas petition was filed approximately one month after expiration of the AEDPA limitation. Petitioner does not argue applicability of any other statutory exception to the AEDPA limitation under sections 2244(d)(1)(A-D), and none appears in the record. In the absence of equitable tolling, this petition is time-barred.

## C.    Equitable Tolling Considerations

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Petitioner's petition does not reflect any factual grounds for application of equitable tolling to excuse his delay in seeking federal habeas relief. To the extent he may argue that his trial counsel was at fault in causing the delay, such argument would not rise to the level of extraordinary circumstances entitling petitioner to equitable tolling. Petitioner has no constitutionally protected right to be informed of the procedures for pursuing a petition for discretionary review or state application for habeas relief. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). Nor is the issue of ineffective assistance of counsel on direct appeal in state court relevant to tolling of the federal AEDPA limitation period. *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000). Last, "ignorance of the law, even for an incarcerated *pro se* petitioner,

4

generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

No grounds for equitable tolling have been shown, and this petition is **DISMISSED** as time-barred.

### III.   CONCLUSION

The Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The substantive and procedural issues raised herein are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). A certificate of appealability is **DENIED**.

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED**, and this case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the _5th_ day of _May_, 2005.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE